THE NORTH AMERICAN FIRE INSURANCE COMPANY v. HANDY and others.

Where a mortgagee, in a suit to foreclose a mortgage seeking a decree over against two joint guarantors; on a defence being made by one, compromised with, and released him; it was held that he could not take a decree for the deficiency against the other guarantor, who had suffered the bill to be taken as confessed, but he was left to his remedy at law.

In equity as well as at law, if the demand against two defendants be joint and not several, a successful defence by one, will enure to the benefit of the other, though the latter suffers the suit to go by default.

On a decree against both in such a case, either party on paying the demand, may proceed upon the foot of the decree, to compel contribution from the other party.
June 23, 1845.

THIS was a suit to foreclose a mortgage for a large amount, executed by F. Vermeule to Silas Butler and Charles O. Handy, and by them assigned to the complainants, with their joint cove- nant for its collection. The executors of Mr. Butler together with Handy, were made defendants; as also the mortgagor and sundry judgment creditors; and the complainants asked for a decree that Handy and Butler's executors should pay the defi- ciency of the mortgage, if any there should be uncollected of the lands mortgaged, after exhausting the remedy against the mort- gagor.

Butler's executors interposed a defence, and the complainants compromised with them pending the suit, and executed an agree-

ment not to take any decree against them for the payment of any part of the debt. Handy suffered the bill to be taken as confessed. On the cause coming to a hearing, the complainants took the usual decree for a sale of the premises and a foreclosure of the parties; and they insisted on having a decree against Handy personally for the deficiency.

*W. Curtis Noyes*, for the complainants.

*G. N. Titus*, for Butler's Executors.

*J. S. Sandford*, for Handy.

THE ASSISTANT VICE-CHANCELLOR, said the complainants demand against Handy and Butler's executors was *joint*, and not joint and several.

As the case stood when the bill was filed and when Handy suffered it to be taken as confessed, they could take against Handy, no decree which would not go at the same time against Butler's executors. Therefore when he suffered the bill to go by default, he was assured by the law of the court, that if Butler's executors made out a defence, there could be no decree against him; (in this respect the remedy being like that in an action at law on a joint bond;) and that if they failed in their defence, the decree would be joint against him and them. Either party on paying the debt, could proceed upon the foot of such a decree, to compel contribution from the other party.

The complainants having compromised with Butler's executors under the act of 1838, can take no decree against them. And this bill does not entitle them to a *separate decree* against Handy.

Handy not only claims a right to litigate the demand as the case now stands, but he insists that the compromise discharges him.

Without settling the latter point, the better mode is to decree the sale, and exonerate Butler's executors pursuant to the stipulation, and leave the complainants to their remedy at law or elsewhere, against Handy on the bond.